UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA INGLES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COURT OF APPEALS OF THE STATE OF CALIFORNIA, 3RD DIST., et al.,<br><br>　　　　Defendants. | No.  2:21-cv-1980 TLN DB PS<br><br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff Jessica Ingels is proceeding in this action pro se.  This matter was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  Pending before the court are plaintiff's complaint and motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  (ECF Nos. 1 & 2.)  Therein, plaintiff complains about a state court ruling in a family law matter.

　　　　The court is required to screen complaints brought by parties proceeding in forma pauperis.  See 28 U.S.C. § 1915(e)(2); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc).  Here, plaintiff's complaint is deficient and it appears that granting leave to amend would be futile.  Accordingly, for the reasons stated below, the undersigned will recommend that plaintiff's complaint be dismissed without leave to amend.

////

**I.       Plaintiff's Application to Proceed In Forma Pauperis**

Plaintiff's in forma pauperis application makes the financial showing required by 28 U.S.C. § 1915(a)(1). However, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute. "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting Tripati v. First Nat. Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987)); see also McGee v. Department of Child Support Services, 584 Fed. Appx. 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis.").

Moreover, the court must dismiss an in forma pauperis case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. See 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an arguable basis in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327; 28 U.S.C. § 1915(e).

To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245

(9th Cir. 1989). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

## II.   Plaintiff's Complaint

Plaintiff's complaint is deficient in several respects. In this regard, the complaint alleges that the defendants are courts, judges, and judicial personnel of the state of California. (Compl. (ECF No. 1) at 2-4.) The defendants allegedly violated plaintiff's rights by ruling against plaintiff in a child custody matter. (Id. at 11-14.) Pursuant to these allegations the complaint seeks injunctive relief and monetary damages. (Id. at 17.)

However, the Eleventh Amendment serves as a jurisdictional bar to suits for damages brought by private parties against a state or a state agency unless the state or agency consents to such suit. Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 54 (1996); see also Krainski v. Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ., 616 F.3d 963, 967 (9th Cir. 2010) ("The Eleventh Amendment bars suits against the State or its agencies for all types of relief, absent unequivocal consent by the state."); Nesbit v. Dep't of Pub. Safety, 283 Fed. Appx. 531, 533 (9th Cir. 2008) (concluding that the district court properly dismissed prisoners' claims against defendants acting in their "official capacities"); Aholelei v. Department of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007) ("The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities.").

To be a valid waiver of sovereign immunity, a state's consent to suit must be "unequivocally expressed in the statutory text." Lane v. Pena, 518 U.S. 187, 192 (1996). "[T]here can be no consent by implication or by use of ambiguous language." United States v.

1    N.Y. Rayon Importing Co., 329 U.S. 654, 659 (1947).  Courts must "indulge every reasonable
2    presumption against waiver," Coll. Sav. Bank v. Florida Prepaid, 527 U.S. 666, 682 (1999), and
3    waivers "must be construed strictly in favor of the sovereign and not enlarged beyond what the
4    [statutory] language requires."  United States v. Nordic Village, Inc., 503 U.S. 30, 34 (1992)
5    (citations, ellipses, and internal quotation marks omitted).  "To sustain a claim that the
6    Government is liable for awards of monetary damages, the waiver of sovereign immunity must
7    extend unambiguously to such monetary claims."  Lane, 518 U.S. at 192.

8        The Ninth Circuit has recognized that "[t]he State of California has not waived its
9    Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court, and
10   the Supreme Court has held that § 1983 was not intended to abrogate a State's Eleventh
11   Amendment immunity."  Brown v. California Dept. of Corrections, 554 F.3d 747, 752 (9th Cir.
12   2009) (quoting Dittman v. California, 191 F.3d 1020, 1025-26 (9th Cir. 1999)).  "Eleventh
13   Amendment immunity also shields state officials from official capacity suits."  Krainski, 616 F.3d
14   at 967.  Accordingly, a plaintiff cannot state a claim against a California state court or state
15   officials for monetary damages.  See Pellegrini v. Fresno County, 742 Fed. Appx. 209, 210 (9th
16   Cir. 2018) ("The Eleventh Amendment barred district court jurisdiction over Pellegrini's claims
17   against the Superior Court.").

18       Moreover, with respect to the judges and court personnel named as defendants, judges are
19   generally absolutely immune from civil liability for actions taken in their judicial capacity.
20   Mireles v. Waco, 502 U.S. 9, 11-12 (1991).  And "[a]bsolute judicial immunity is not reserved
21   solely for judges, but extends to nonjudicial officers for 'all claims relating to the exercise of
22   judicial functions.'"  In re Castillo, 297 F.3d 940, 947 (9th Cir. 2002) (quoting Burns v. Reed,
23   500 U.S. 478, 499 (1991) (Scalia, J., concurring in part and dissenting in part)).  In this regard,
24   judicial personnel "have absolute quasi-judicial immunity from damages for civil rights violations
25   when they perform tasks that are an integral part of the judicial process."  Mullis v. U.S.
26   Bankruptcy Court for Dist. of Nevada, 828 F.2d 1385, 1390 (9th Cir. 1987).

27       Even if plaintiff's action were not barred by the Eleventh Amendment under the Rooker-
28   Feldman doctrine a federal district court is precluded from hearing "cases brought by state-court

losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).  The Rooker-Feldman doctrine applies not only to final state court orders and judgments, but to interlocutory orders and non-final judgments issued by a state court as well.  Doe & Assoc. Law Offices v. Napolitano, 252 F.3d 1026, 1030 (9th Cir. 2001); Worldwide Church of God v. McNair, 805 F.2d 888, 893 n. 3 (9th Cir. 1986).

The Rooker-Feldman doctrine prohibits "a direct appeal from the final judgment of a state court," Noel v. Hall, 341 F.3d 1148, 1158 (9th Cir. 2003), and "may also apply where the parties do not directly contest the merits of a state court decision, as the doctrine prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment." Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 859 (9th Cir. 2008) (internal quotation marks omitted).  "A suit brought in federal district court is a 'de facto appeal' forbidden by Rooker-Feldman when 'a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision.'" Carmona v. Carmona, 603 F.3d 1041, 1050 (9th Cir. 2010) (quoting Noel, 341 F.3d at 1164); see also Doe v. Mann, 415 F.3d 1038, 1041 (9th Cir. 2005) ("[T]he Rooker-Feldman doctrine bars federal courts from exercising subject-matter jurisdiction over a proceeding in 'which a party losing in state court' seeks 'what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'") (quoting Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994), cert. denied 547 U .S. 1111 (2006)).  "Thus, even if a plaintiff seeks relief from a state court judgment, such a suit is a forbidden de facto appeal only if the plaintiff also alleges a legal error by the state court." Bell v. City of Boise, 709 F.3d 890, 897 (9th Cir. 2013).

> [A] federal district court dealing with a suit that is, in part, a forbidden de facto appeal from a judicial decision of a state court must refuse to hear the forbidden appeal.  As part of that refusal, it must also refuse to decide any issue raised in the suit that is 'inextricably intertwined' with an issue resolved by the state court in its judicial decision.

5

1 | Doe, 415 F.3d at 1043 (quoting Noel, 341 F.3d at 1158); see also Exxon, 544 U.S. at 286 n. 1 ("a district court [cannot] entertain constitutional claims attacking a state-court judgment, even if the state court had not passed directly on those claims, when the constitutional attack [is] 'inextricably intertwined' with the state court's judgment") (citing Feldman, 460 U.S. at 482 n. 16)); Bianchi v. Rylaarsdam, 334 F.3d 895, 898, 900 n. 4 (9th Cir. 2003) ("claims raised in the federal court action are 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules") (citing Feldman, 460 U.S. at 483 n. 16, 485).

Disputes over marital dissolution and child custody, such as the state court proceedings at issue here, fall squarely within the Rooker-Feldman bar. See, e.g., Moor v. Cnty. of Butte, 547 Fed. Appx. 826, 829 (9th Cir. 2013) (affirming dismissal of suit concerning state court divorce and child custody proceedings on Rooker-Feldman grounds); Gomez v. San Diego Family Ct., 388 Fed. Appx. 685 (9th Cir. 2010) (affirming dismissal of state court custody decision on Rooker-Feldman grounds); Sareen v. Sareen, 356 Fed. Appx. 977 (9th Cir. 2009) (affirming dismissal of action alleging constitutional violation in state court child custody action on Rooker-Feldman grounds).

**III.   Leave to Amend**

For the reasons stated above, plaintiff's complaint should be dismissed. The undersigned has carefully considered whether plaintiff could amend the complaint to state a claim over which the court would have jurisdiction and upon which relief could be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments). In light of the deficiencies noted above, the undersigned finds that it would be futile to grant plaintiff leave to amend in this case.

////

**CONCLUSION**

Accordingly, for the reasons stated above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's October 26, 2021 application to proceed in forma pauperis (ECF No. 2) be denied;

2. Plaintiff's October 26, 2021 complaint (ECF No. 1) be dismissed without prejudice; and

3. This action be dismissed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 12, 2022          /s/ DEBORAH BARNES
                               UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.pro se/ingels1980.ifp.den.f&rs